**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **VIRGINIA HUNT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-602-GPM** |
| | ) | |
| **DAVITA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This case is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction."); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed.  Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (internal citation omitted).  Plaintiff Virginia Hunt brings this suit alleging a claim for retaliatory discharge under Illinois law against Defendant DaVita, Inc. ("DaVita").  The case was filed originally in the Circuit Court of the Second Judicial Circuit, Franklin County, Illinois, and has been removed to this Court by DaVita pursuant to 28 U.S.C. § 1441.  Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.  Having reviewed sua sponte the notice of removal in this case, the Court discerns a flaw in DaVita's pleading of jurisdictional facts.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that an amount in excess of $75,000, exclusive of interest and costs, be in controversy and that all parties be of completely diverse citizenship, that is, no plaintiff is a citizen of the same state as any defendant.  *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997); *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993); *Eyster v. Shade Tree Serv. Co.*, Civil No. 10-466-GPM, 2010 WL 2639680, at *1 (S.D. Ill. June 29, 2010).  In this instance DaVita, as the removing party, has the burden of proof as to the existence of federal jurisdiction.  *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Misiak v. Farmer*, Civil No. 10-133-GPM, 2010 WL 685895, at *1 (S.D. Ill. Feb. 23, 2010).  Under 28 U.S.C. § 1332 a corporation is deemed to be a citizen both of the state where it is incorporated and the state where it maintains its principal place of business, the latter being the state where the corporation has its headquarters or "nerve center."  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006).

In this instance DaVita's notice of removal alleges properly that DaVita is a corporation incorporated under Delaware law with its principal place of business in California, and therefore DaVita is a citizen of Delaware and California for purposes of federal diversity jurisdiction.  Also, it appears that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, given that Hunt pleads for damages in excess of $50,000 and seeks, in addition to compensatory

damages, punitive damages, which are available, of course, on claims of retaliatory discharge under Illinois law. *See Motsch v. Pine Roofing Co.*, 533 N.E.2d 1, 7 (Ill. App. Ct. 1988) (recognizing that retaliatory discharge "is an appropriate tort for a punitive damage award"). Here, assuming that Hunt's actual damages are, as she claims, at least $50,000, an award of punitive damages in an amount equal to or even substantially less than her compensatory damages would bring the amount in controversy in this case above the jurisdictional threshold sum for diversity purposes. *See Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317-18 (7th Cir. 1996) (an award of punitive damages in a ratio of two to three times a plaintiff's actual damages may properly be reckoned into the jurisdictional amount for purposes of federal diversity jurisdiction). *Cf. Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 895-96 (7th Cir. 2003) (holding that the jurisdictional amount in controversy was not satisfied by a hypothetical award of punitive damages in a ratio to actual damages of 29 to 1).[1]

Unfortunately, DaVita fails adequately to allege Hunt's citizenship for purposes of federal diversity jurisdiction. Although DaVita alleges properly that Hunt was a citizen of Illinois when this action was filed, Davita also alleges "upon information and belief" that Hunt was a citizen of Illinois when this case was removed. Doc. 2 at 1 ¶ 3. In general, with respect to removed cases, federal

---

1. The Court notes that the ad damnum clause of Hunt's complaint states that the damages pleaded for do not exceed $74,999.99. If Hunt's intent in so pleading is to defeat federal jurisdiction in diversity, her attempt to evade a federal forum in this way is a failure. In the Seventh Circuit, only a binding stipulation or affidavit filed with a complaint is effective to waive a recovery in excess of $75,000, exclusive of interest and costs, while a mere disclaimer of a jurisdictionally-sufficient recovery for diversity purposes in the ad damnum clause of a complaint is not, because Illinois law does not limit a plaintiff's recovery to the amount of damages sought in a complaint. *See American Bankers Life Assurance Co. of Fla. v. Evans*, 319 F.3d 907, 908 (7th Cir. 2000); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-30 (7th Cir. 1997); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992); *Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 768, 779-80 (S.D. Ill. 2006).

subject matter jurisdiction must exist both when a case was filed and when it was removed. *See Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776-77 (7th Cir. 1986); *Newsom v. Caliber Auto Transfer of St. Louis, Inc*., Civil No. 09-954-GPM, 2010 WL 415388, at *1 (S.D. Ill. Feb 1, 2010). Additionally, jurisdictional facts alleged on the basis of "information and belief" rather than on personal knowledge are insufficient to invoke federal subject matter jurisdiction. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P*., 980 F.2d 1072, 1074 (7th Cir. 1992); *Frakes v. B & J Food Serv. Equip. of Mo., Inc*., Civil No. 10-247-GPM, 2010 WL 1418567, at *2 (S.D. Ill. Apr. 7, 2010) (collecting cases); *Lyerla v. AMCO Ins. Co*., 462 F. Supp. 2d 931 (S.D. Ill. 2006). Accordingly, DaVita must amend its notice of removal to omit any reference to "information and belief" from its jurisdictional allegations and to allege that Hunt was a citizen of Illinois when this case was filed and when it was removed.

To conclude, DaVita must file an amended notice of removal in conformity with this Order not later than 12:00 noon on Friday, August 20, 2010. Failure to file an amended notice of removal as herein ordered will result in remand of this case to the Circuit Court of the Second Judicial Circuit, Franklin County, Illinois, for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Crumer v. Target Corp*., Civil No. 07-836-GPM, 2007 WL 4373950, at *1 (S.D. Ill. Dec. 14, 2007); *Pruitt v. Kelly Moore Paint Co*., Civil No. 07-768-GPM, 2007 WL 4225823, at *1 (S.D. Ill. Nov. 28, 2007).

**IT IS SO ORDERED.**

DATED: August 13, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge