**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **VIRGINIA HUNT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-602-GPM** |
| | ) | |
| **DAVITA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

      This matter is before the Court on the motion for remand to state court brought by Plaintiff Virginia Hunt (Doc. 12). Hunt brings this suit alleging a claim for retaliatory discharge under Illinois law against Defendant DaVita, Inc. ("DaVita"). The case was filed originally in the Circuit Court of the Second Judicial Circuit, Franklin County, Illinois, and has been removed to this Court by DaVita pursuant to 28 U.S.C. § 1441. Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, which requires generally, of course, that an amount in excess of $75,000, exclusive of interest and costs, be in controversy and that all parties be of completely diverse citizenship, that is, no plaintiff is a citizen of the same state as any defendant. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Eyster v. Shade Tree Serv. Co.*, Civil No. 10-466-GPM, 2010 WL 2639680, at *1 (S.D. Ill. June 29, 2010). Hunt claims that this case must be remanded to state court because the amount in controversy does not exceed $75,000, exclusive of interest and costs. Hunt's motion for remand has been fully briefed and the Court rules as follows.

The amount in controversy is the amount required to satisfy a plaintiff's demands in full on the day a suit begins, or where a case comes to federal court on removal, on the day the suit was removed. *See BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002); *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 273 (7th Cir. 2001). Because DaVita is the proponent of federal subject matter jurisdiction in this case, it has the burden of showing by a preponderance of the evidence facts that suggest the jurisdictional amount in controversy is satisfied in this case. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). In evaluating the existence of diversity jurisdiction, a court may reckon punitive damages into the amount in controversy where such damages are recoverable under the applicable state law. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000); *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995); *Frakes v. B & J Food Serv. Equip. of Mo., Inc.*, Civil No. 10-247-GPM, 2010 WL 1418567, at *2 (S.D. Ill. Apr. 7, 2010). "Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1939)). *See also Meridian*, 441 F.3d at 542 ("[T]he case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum.").

Turning next to the matter of the damages that are recoverable in an action for retaliatory discharge under Illinois law, as a matter of Illinois law a wrongfully discharged employee may recover lost back pay and front pay from his or her former employer for the period following the discharge until the employee either finds new employment or is reinstated. *See, e.g., Slane v. Mariah*

*Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999) (applying Illinois law); *Blount v. Stroud*, 915 N.E.2d 925, 938 (Ill. App. Ct. 2009); *Reinneck v. Taco Bell Corp.*, 696 N.E.2d 839, 843-44 (Ill. App. Ct. 1998). The employee can also recover for emotional distress suffered as a result of retaliatory discharge. *See Peeler v. Village of Kingston Mines*, 862 F.2d 135, 137 (7th Cir. 1988) (citing *Sloan v. Jasper City Cmty. Unit Sch. Dist. No. 1*, 522 N.E.2d 334 (Ill. App. Ct. 1988)); *Clark v. Owens-Brockway Glass Container, Inc.*, 697 N.E.2d 743, 748 (Ill. App. Ct. 1998). Additionally, punitive damages are available in appropriate cases, of course, on claims for retaliatory discharge under Illinois law. *See Dixon Distrib. Co. v. Hanover Ins. Co.*, 641 N.E.2d 395, 399-400 (Ill. 1994); *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 359-60 (Ill. 1978); *Elia v. Industrial Pers. Corp.*, 466 N.E.2d 1054, 1057 (Ill. App. Ct. 1984). In this case Hunt prays for both compensatory and punitive damages.

In this instance it appears from the record that at the time of her alleged wrongful discharge on February 28, 2010, Hunt was earning $3,614.62 per month from DaVita, so that when this case was removed on August 10, 2010, her lost wages and/or actual damages were approximately $25,000. If we assume an award of punitive damages in a ratio of twice Hunt's actual damages when this case was removed, this easily carries the amount in controversy in this case across the jurisdictional threshold even without adding into the jurisdictional amount an award of damages for emotional distress. *See Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317-18 (7th Cir. 1996) (suggesting that, when reckoning punitive damages into the jurisdictional amount for diversity purposes, an appropriate ratio of punitive damages to actual damages is 2:1 or 3:1). *Cf. America's MoneyLine, Inc. v. Coleman*, 360 F.3d 782, 783-84 (7th Cir.2004) (the trial court ruled that the jurisdictional amount in controversy was not satisfied by a hypothetical award of punitive

damages in a ratio to actual damages of 2,500:1); *Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 895-96 (7th Cir. 2003) (the jurisdictional amount in controversy was not satisfied by a hypothetical award of punitive damages in a ratio of 29 to 1 to actual damages).  Accordingly, it appears to the Court from the evidence of record that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

Although, as Hunt points out, her complaint prays for damages in a total amount of $74,999, the Court attaches no importance to this fact, given that Illinois law permits a plaintiff to recover damages in an amount beyond those pleaded for in the plaintiff's complaint.  *See BEM I*, 301 F.3d at 552; *Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997). Also, the Court attaches no importance to the fact that, in support of her motion for remand of this case to state court, Hunt has offered to give an affidavit attesting that she will not seek damages in excess of the jurisdictional minimum amount and that, should she recover damages in excess of that amount, she will remit any damages she receives in excess of the jurisdictional minimum. While a plaintiff can block removal of a case in diversity jurisdiction by giving a binding stipulation or affidavit with his or her complaint that he or she will forego a recovery in excess of the jurisdictional minimum amount, it is well settled that post-removal disclaimers of a jurisdictionally-sufficient recovery are ineffective to oust federal jurisdiction.  *See St. Paul*, 303 U.S. at 293-94; *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006); *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 430 (7th Cir. 1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367 (7th Cir. 1993); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).  In sum, it does not appear to the Court that Hunt is legally certain to recover an amount less than the jurisdictional minimum

for purposes of federal subject matter jurisdiction based upon diversity of citizenship.  The Court

concludes that Hunt's motion for remand of this case to state court for lack of federal subject matter

jurisdiction is due to be denied.

      To conclude, Hunt's motion for remand of this case to state court for lack of subject matter

jurisdiction (Doc. 12) is **DENIED**.

      **IT IS SO ORDERED.**

      DATED:  December 6, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge